IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JARTARUS WILKES, and<br>KRISTEN WILLIAMS, | )<br>)<br>) |
| Plaintiffs, | )    Jury Demand |
| v. | )<br>)    No. _____ |
| Daniel Francesco De PINTO, Individually and<br>in his Official Capacity as a Nashville<br>Airport Authority Police Officer; and<br>THE METROPOLITAN NASHVILLE<br>AIRPORT AUTHORITY, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

# COMPLAINT

## I.  INTRODUCTION

This is an action brought by the Plaintiffs against the Defendants for an unlawful search and seizure under the Fourth Amendment as made applicable to the states pursuant to the Fourteenth Amendment to the United States Constitution.

## II.  JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 since the claims arise as a result of violations of certain federal civil rights, including the right to be free from an illegal seizure under the Fourth Amendment to the United States Constitution, codified under 42 U.S.C. § 1983.

2. Venue is proper in this Court since the allegations which give rise to the cause of action occurred in Nashville, Tennessee.

## III.  PARTIES

3. Plaintiff Jartarus Wilkes ("Plaintiff Wilkes") is an African American adult citizen and resident of the State of Tennessee.

4. Plaintiff Kristen Williams ("Plaintiff Williams") is an African American adult citizen and resident of the State of Tennessee.

5. Defendant Daniel Francesco De Pinto ("Defendant De Pinto") is an adult citizen of the State of Tennessee and employed as an officer with the Nashville Airport Authority. Defendant De Pinto is sued both in his individual and official capacity as an officer with The Metropolitan Nashville Airport Authority. Defendant De Pinto may be served through the Metropolitan Nashville Airport Authority, 140 BNA Park Drive, Suite 520, Nashville, Tennessee 37214-4103.

6. Defendant The Metropolitan Nashville Airport Authority (hereinafter referred to as "Defendant BNA"[1] or "the Nashville Airport Authority") is a nonprofit corporation formed on April 16, 1970 and organized under the laws of the State of Tennessee to oversee the day-to-day operations of the Nashville BNA International Airport. Defendant BNA can be served through Theodore G. Morrissey, 140 BNA Park Drive, Suite 520, Nashville, Tennessee 37214-4103.

## IV. STATEMENT OF FACTS

7. On or about August 1, 2022, Plaintiff Wilkes and Plaintiff Williams were returning on a flight to Nashville BNA Airport from a business trip in Long Beach and Los Angeles, California.

8. Plaintiff Wilkes and Plaintiff Williams had been in the Long Beach, California area for several days before their return flight and trip home on August 2, 2022.

9. The Plaintiffs' business trip consisted of an art show, vacation, and shopping.

10. The Plaintiffs arrived on American Airlines Flight No. 1116 at approximately 11:37 p.m., obtained their luggage from baggage claim, and proceeded though the airport terminal's exit doors to the ride-share area to find their Lyft driver at about 12:08 a.m.

11. As the Plaintiffs were walking in the ride-share area and toward the Lyft driver, Defendant De Pinto appeared with one other unknown BNA officer.

12. Defendant De Pinto and the other officer asked both of the Plaintiffs where they were returning from in terms of their travel to BNA.

---

[1] BNA is an acronym for Berry Field Nashville.

13. Defendant De Pinto and the other unknown officer also inquired of Plaintiff Wilkes about where they were arriving from in terms of the city of origin, what they were doing in Los Angeles, and how they usually bring "the dogs out" to do a search of passengers arriving from Los Angeles. Plaintiff Wilkes explained to one or more of the BNA officers they were arriving from Long Beach/Los Angeles on a business trip involving Plaintiff Williams.

14. Defendant De Pinto and the other unknown officer, without any reasonable suspicion or probable cause, demanded that Plaintiff Williams open her large black bag that she was rolling through the ride-share area of the BNA airport.

15. Plaintiff Williams, at that point feeling anxious, intimidated, scared, and nervous, complied with Defendant De Pinto's command to open her black suitcase in the parking area of the airport.

16. Plaintiff Williams squatted down, got on her knees, and opened the suitcase for Defendant De Pinto as a result of his instruction.

17. Defendant De Pinto examined the contents of the black suitcase that Plaintiff Williams opened up on the parking lot floor and found only clothes and jewelry the Plaintiffs had purchased in California.

18. When Plaintiff Williams showed Defendant De Pinto her undergarments that were contained in the black suitcase, he simply walked away without saying anything or offering an apology for the violation.

19. There was no illegal contraband either on the person or in the luggage of the Plaintiffs.

20. The illegal detention and search of the Plaintiffs caused them both to have much fear, humiliation, anxiety, and emotional distress as a result of the unlawful incident where their bags and other personal belongings were searched without any reasonable suspicion or probable cause.

## V.  CAUSES OF ACTION

### Count One – Illegal Search and/or Seizure
### by Defendant De Pinto

21. Plaintiffs incorporate each of the above paragraphs as if fully set forth herein.

22. In committing the acts complained of herein, Defendant De Pinto acted under color of state law when he falsely detained Plaintiff Wilkes, and then falsely detained and searched Plaintiff Williams with no basis in law or fact. In violating the Plaintiffs' rights to be free from an unlawful search and seizure, Defendant De Pinto violated the Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

23. As a direct and proximate result of the violation of the Plaintiffs' constitutional rights to be free from an unlawful search and/or seizure, Plaintiff Wilkes and Plaintiff Williams suffered serious physical and/or emotional injuries. Defendant De Pinto is liable to the Plaintiffs for compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

### Count Two - Failure to Implement Appropriate Policies
### for Search and Seizure under 42 U.S.C. § 1983
### by Defendant the Nashville Airport Authority

24. Plaintiffs incorporate each of the above paragraphs as if fully set forth herein.

25. Defendant BNA has adopted policies, procedures, practices, or customs that allow, among other things, the illegal and/or improper search and/or seizure of passengers arriving at BNA.

26. The actions of Defendant BNA amount to deliberate indifference to the rights of the Plaintiffs to be free from unlawful searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

27. As a result of the deliberate indifference by Defendant BNA, its agents, servants and employees, the Plaintiffs suffered fear, anxiety, and emotional distress to which they are entitled to compensatory damages under 42 U.S.C. § 1983.

**Count Three - Inadequate Training and/or Supervision Under 42 U.S.C. § 1983**
**Defendant the Nashville Airport Authority**

28. Plaintiffs incorporate each of the above paragraphs as if fully set forth herein.

29. Defendant BNA failed to adequately train and/or supervise its officers, including Defendant De Pinto, as to proper policies, procedures, practices or customs of searches and seizures of passengers arriving from other cities in the United States, including implicit bias and the racial profiling of African Americans arriving from Los Angeles, which was illegal under the Constitution.

30. The actions of Defendant BNA, including but not limited to Defendant De Pinto, amounted to deliberate indifference to the rights of the Plaintiffs to be free from an unlawful search and seizure, and one motivated in whole or in part by racial bias, under the Fourth and Fourteenth Amendments to the United States Constitution.

31. As a result of the deliberate indifference by Defendant BNA, its agents, servants and employees, the Plaintiffs suffered fear, anxiety, and emotional distress to which they are entitled to compensatory damages under 42 U.S.C. § 1983.

## VI.   CLAIMS OF DAMAGES

32. Plaintiffs incorporate each of the above paragraphs as if fully set forth herein.

33. As a direct and proximate result of one or more of the aforesaid violations of Plaintiffs' constitutional rights alleged herein against Defendant De Pinto, Plaintiff Wilkes and/or Plaintiff Williams suffered one or more of the following: pain and suffering, embarrassment, anxiety, emotional distress, loss of enjoyment of life, and other damages and expenses, for all of which Defendant De Pinto is liable for compensatory and punitive damages.

34. As a direct and proximate result of one or more of the aforesaid violations of Plaintiffs' constitutional rights alleged herein against Defendant BNA, Plaintiff Wilkes and/or Plaintiff Williams suffered one or more of the following: pain and suffering, embarrassment, anxiety, emotional distress,

loss of enjoyment of life, and other damages and expenses, for all of which Defendant BNA is liable for compensatory damages.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that this Court enter judgment granting her the following:

A.   judgment of compensatory damages for Plaintiff Wilkes in an amount up to $100,000.00 for pain and suffering, and emotional distress suffered as a result of the actions of Defendant De Pinto;

B.   judgment of compensatory damages for Plaintiff Williams in an amount up to $250,000.00 for pain and suffering, and emotional distress suffered as a result of the actions of Defendant De Pinto;

C.   judgment of compensatory damages to Plaintiff Wilkes and/or Plaintiff Williams against Defendant BNA in an amount up to $300,000.00 for physical injuries and emotional distress;

D.   judgment of punitive damages to Plaintiff Wilkes and/or Plaintiff Williams in an amount to be determined by the jury as to Defendant De Pinto;

E.   attorneys' fees pursuant to 42 U.S.C. § 1988;

F.   pre-judgment interest pursuant to Tenn. Code Ann. § 47-14-123;

G.   a jury trial on all issues triable by jury;

H.   court costs in this action, including discretionary costs; and

I.   any additional relief this Court deems just, proper, and equitable.

**THE LAW OFFICE OF DAVID L. COOPER, PC**

    *s/ David L. Cooper*
**DAVID L. COOPER, BPR # 11445**
Third Avenue North Building
208 Third Avenue, North, Suite 300
Nashville, TN 37201
(615) 256-1008
dcooper@cooperlawfirm.com


**FRIZZELL & FRIZZELL**

    *s/ Terry S. Frizzell*
**TERRY S. FRIZZELL, BPR #**
131 Maple Row Building
Bldg. C, Suite 301
Hendersonville, TN 37075
(615) 824-7163
Becky.frizzell@comcast.net

*Attorneys for Plaintiff*